**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| WYATT PHILPOT<br>511 Orwig Ave.<br>Napoleon, OH 43545<br><br>    Plaintiff,<br><br>    v.<br><br>CENTURY MOLD COMPANY, INC.<br>55 Wright Dr.<br>Middletown, OH 45044<br><br> **Serve Also:**<br> CENTURY MOLD COMPANY, INC.<br> c/o CWS Agency Corp. (Stat. Agent)<br> 65 E State St., Ste. 1000<br> Columbus, OH 43215<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

  Plaintiff WYATT PHILPOT by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

**PARTIES**

1. Plaintiff Wyatt Philpot is a resident of the city of Napoleon, Henry County, state of Ohio.

2. At the time of his employment, Plaintiff was a resident of Butler County, state of Ohio.

3. Defendant CENTURY MOLD COMPANY, INC. ("Century Mold") is a foreign-incorporated company that conducts business within the state. The relevant location of the events and omissions of this Complaint took place was 55 Wright Dr., Middletown, OH 45044.

4. Century Mold is, and was at all times hereinafter mentioned, Philpot's employer within the meaning of Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2617 et seq., R.C. § 4101 et seq., and R.C. § 4112.01(A)(2).

## JURISDICTION & VENUE

5. The events that give rise to the claims for relief in this Complaint occurred at Century Mold's location at 55 Wright Dr., Middletown, OH 45044.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Philpot is alleging a federal law claim under the FMLA.

7. This Court has supplemental jurisdiction over Philpot's state law claims pursuant to 28 U.S.C. § 1367, as they are so closely related to their federal law claims that they form part of the same case and controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

9. Philpot is a former employee of Century Mold.

10. At all times noted herein, Philpot was qualified for his position with Century Mold.

11. At all times noted herein, Philpot could fully perform the essential functions of his job, with or without a reasonable accommodation.

12. Philpot is disabled due to his heart conditions (discussed *infra*), placing him in the protected class for disability.

13. Alternatively, Century Mold perceived Philpot as disabled due to his illness (presumably, COVID-19, discussed *infra*), and thus is in the protected class for disability.

14. Philpot worked for Century Mold as a CMM engineer from November 30, 2015 until Century Mold terminated his employment on or about February 6, 2020.

15. Philpot's early employment with Century Mold was overall quite positive, or at least without significant issue.

16. Things changed, however, in or around November 2018, when Philpot began feeling drained and sluggish nearly constantly.

17. As Philpot was a fairly active person, this was a substantial and unwelcome change in his typical demeanor.

18. In or around February 2019, Philpot had what felt like a heart attack while at work for Century Mold.

19. Philpot went home early as a result and went to see his primary care doctor, who told him to seek treatment at the emergency room if the situation happened again.

20. Roughly one week later, Philpot again had a heart attack-like episode, and so went to Atrium Medical Center's emergency room in Middletown, OH.

21. While at the emergency room, Philpot received only minor treatment from the doctors and was discharged the same day.

22. From February to August 2019, Philpot had similar heart attack-like episodes multiple times and again went to the hospital for only minor treatment each time. In total, this occurred around nine times throughout 2019.

23. In or around early 2019, during the above, Philpot applied for and began taking intermittent FMLA leave for his undiagnosed heart condition. This placed him in the protected disability class and gave notice thereof to Century Mold.

24. In or around August 2019, Philpot's primary care doctor sent him to a cardiologist and he was admitted to Atrium for the heart condition.

25. Philpot was then in-patient for around three days for further evaluation and treatment.

26. Philpot, while not out on FMLA for his serious health condition, continued to work full-time with Century Mold and had no issues with performance or attendance.

27. Importantly, Philpot did not exhaust his FMLA allotment at any point during his employment with Century Mold.

28. After Philpot's discharge from the hospital, he continued to suffer similar symptoms going forward.

29. In or around October 2019, Philpot's primary care doctor also began having him seek regular mental health therapy with a psychiatrist.

30. In or around December 2019, an unknown illness hit Century Mold's plant and began wreaking havoc among its employees.

31. In hindsight, this illness was almost certainly COVID-19 as the company frequently imported parts from China, the starting point of the pandemic.

32. Philpot made reports to Century Mold about the lack of safety precautions being taken by the company for this illness that was spreading through the company. These were protected complaints regarding workplace safety.

33. On or about January 21, 2020, Philpot began suffering symptoms of this unknown illness (e.g. a lack of taste and smell, terribly sore throat and nose, and an inability to breathe easily).

34. Rick (LNU, shipping manager) sent Philpot home due to the illness.

35. As a result of contracting the illness, Philpot again went to his doctors for evaluation and treatment.

36. Philpot's treatment and evaluation continued until on or about February 6, 2020.

37. Philpot and his doctors continued to provide Century Mold with all required medical documentation during this time (and every time previously) for both his short-term disability application and his new FMLA application.
38. This was Philpot's attempt at engaging in the interactive process of finding a reasonable accommodation.
39. Century Mold rejected Philpot's applications for FMLA and short-term disability.
40. By refusing to approve Philpot's short-term disability leave and/or FMLA leave, Century Mold refused to engage in the interactive process of finding him a reasonable accommodation.
41. Defendant's refusal to engage in the interactive process was an adverse action against Philpot.
42. On or about February 6, 2020, Century Mold terminated Philpot's employment, citing a "permanent layoff."
43. Defendant's termination of Philpot was an adverse employment action against him.
44. Defendant's purported reason(s) for Philpot's termination was pretextual.
45. Defendant actually terminated Philpot's employment discriminatorily against his actual or perceived disabilities, in retaliation against his attempted use of short-term disability leave, and/or in a preventative or retaliatory effort against his FMLA.
46. As a result of the above, Philpot has suffered damages, including economic damages.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112, *et seq*.**

47. Philpot restates each and every prior paragraph of this Complaint, as if it were fully restated herein.
48. Philpot is in a protected class for his disabilities (described *supra*).

49. Alternatively, Defendant perceived Philpot as disabled, placing him in the protected class.

50. R.C. § 4112 *et seq.* provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disabilities.

51. Defendant treated Philpot differently than other similarly situated employees based upon his disability.

52. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by treating Philpot differently from other similarly situated employees outside his protected class.

53. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its employment policies in a disparate manner based on Philpot's disability.

54. Defendant violated R.C. § 4112.02 and R.C. § 4112.99 by applying its disciplinary policies in a disparate manner based on Philpot's disability.

55. Philpot incurred emotional distress damages as a result of Defendant's conduct described herein.

56. As a direct and proximate result of Defendant's acts and omissions, Philpot has suffered and will continue to suffer damages.

## COUNT II: FAILURE TO ACCOMMODATE

57. Philpot restates each and every prior paragraph of this complaint, as if it were fully restated herein.

58. Philpot informed Century Mold of his disabling condition(s).

59. Philpot requested accommodations from Century Mold to assist with his disabilities.

60. Philpot's requested accommodations were reasonable.

61. There was an available accommodation that would have been effective and would have not posed an undue hardship to Century Mold.

62. Century Mold failed to engage in the interactive process of determining whether Philpot needed an accommodation.

63. Century Mold failed to provide an accommodation.

64. Century Mold violated R.C. §4112.02 by failing to engage Philpot in the interactive process.

65. Century Mold violated R.C. §4112.02 by failing to provide Philpot a reasonable accommodation.

66. As a direct and proximate result of Century Mold's conduct, Philpot suffered and will continue to suffer damages.

### COUNT III: RETALIATION

67. Philpot restates each and every prior paragraph of this complaint, as if it were fully restated herein.

68. As a result of his illness, Philpot applied for short-term disability leave.

69. Philpot's application for short-term disability leave was a protected action.

70. Defendant refused to grant Philpot's

71. Subsequent to Philpot's complaints to management about harassment, bullying, and disparate treatment toward him, Defendant took adverse employment actions against Philpot, including, but not limited to, terminating his employment.

72. Defendant's actions were retaliatory in nature based on Philpot's opposition to the unlawful discriminatory conduct.

73. Pursuant to R.C. § 4112 *et seq.*, it is an unlawful discriminatory practice to take adverse actions against those who enact protected activities.

74. As a direct and proximate result of Defendant's retaliatory discrimination against and discharge of Philpot, he has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT IV: RETALIATION IN VIOLATION OF THE FMLA

75. Philpot restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

76. During his employment, Philpot qualified for and attempted to take intermittent FMLA leave.

77. Defendant knew Philpot took FMLA leave.

78. After Philpot utilized his qualified FMLA leave, Defendant retaliated against him.

79. Defendant terminated Philpot's employment.

80. Philpot's termination was an adverse employment action against him.

81. Defendant's proffered reason for Philpot's termination was pretextual.

82. There was a causal link between Philpot's medical leave under the FMLA and Defendant's termination of Philpot's employment.

83. Defendant actually terminated Philpot for his FMLA use.

84. Defendant retaliated against Philpot by terminating his employment.

85. Defendant's actions show that it willfully retaliated against Philpot in violation of U.S.C. § 2615(a).

86. As a direct and proximate result of Defendant's wrongful conduct, Philpot is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT V: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

87. Philpot restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

88. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

89. Century Mold is a covered employer under the FMLA.

90. Philpot was an employee eligible for FMLA due to his severe health conditions (described *supra*).

91. During his employment, Philpot qualified for and inquired about FMLA leave due to his disabilities because he was terminated.

92. During his employment with Century Mold, Philpot was unable to receive FMLA benefits for his serious health condition.

93. Defendant unlawfully interfered with Philpot's exercise of his rights under the FMLA in violation of § 105 of the FMLA and § 825.220 of the FMLA regulations.

94. Defendant's refusal to provide Philpot with information pertaining to FMLA leave and/or permit Philpot to take FMLA leave violated and interfered with his FMLA rights.

95. As a direct and proximate result of Defendant's conduct, Philpot suffered and will continue to suffer damages.

96. As a direct and proximate result of Defendant's conduct, Philpot is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorneys' fees.

## COUNT VI: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

97. Philpot restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

98. A clear public policy exists and is manifested in Ohio and federal statutes, including R.C. § 4101.11 and/or § 4101.12, and/or administrative regulations, or in the common law, in favor of providing workers with a healthy and safe work environment, and against terminating an employee based on complaints of unsafe working conditions.

99. Philpot repeatedly made reports to Defendant about the unethical, unlawful, and/or policy-violating behavior that was going on there, including, but not limited to, unsafe working conditions caused by unsafe working conditions related to illnesses spreading at work.

100. Defendant's termination of Philpot's employment jeopardizes these public policies.

101. Defendant's termination of Philpot's employment was motivated by Philpot's conduct related to these public policies because of the risk to his and to the public's health.

102. Defendant's purported reason for Philpot's termination was pretextual.

103. Defendant's termination of Philpot jeopardizes these public policies.

104. Defendant's termination of Philpot was motivated by conduct related to these public policies.

105. Defendant had no overriding business justification for terminating Philpot.

106. As a direct and proximate result of Defendant's conduct, Philpot has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Philpot demands from Defendant the following:

a) Issue a permanent injunction:

    i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

  ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

  iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

  iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

  v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge his personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Philpot for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Philpot's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,


   */s/ Matthew G. Bruce, Esq.*
Matthew G. Bruce (0083769)
     Trial Attorney
Evan R. McFarland (0096953)
**THE SPITZ LAW FIRM, LLC**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, Ohio 45246
Phone: (216) 291-4744 x173
Fax:   (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com

*Attorneys for Plaintiff Wyatt Philpot*

13

## **JURY DEMAND**

Plaintiff Wyatt Philpot demands a trial by jury by the maximum number of jurors permitted.

                                                     */s/ Matthew G. Bruce, Esq.*
                                                     Matthew G. Bruce (0083769)